IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
August 02, 2016
David J. Bradley, Clerk

| | | |
|---|---|---|
| JACKIE GLEN EDWARDS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-16-0807 |
| | § | |
| LORIE DAVIS, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 4). The court recommends that respondent's motion for summary judgment (Dkt. 14) be granted and the petition be denied with prejudice.

### Background

Jackie Glen Edwards pled guilty in 1992 to a charge of possession of a controlled substance in the 288th Judicial District Court of Harris County, Texas and was sentenced to 25 years in prison. Because Edwards does not challenge his original conviction or sentence, a detailed discussion of the procedural history of the conviction is not necessary. Edwards was released to parole supervision on April 5, 2013. He challenges the imposition of sex offender registration requirements as a condition of his parole.

Edwards filed a state application for writ of habeas corpus challenging sex offender

condition on parole on November 28, 2014.[1] Edwards filed this federal petition on March 21, 2016.

## Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Edwards became aware of the sex offender registration conditions he challenges when he signed the conditions of his parole on April 5, 2013.[2] His one-year period of limitations

---

[1] This is the date Edwards signed his state petition (Dkt. 15-9 at 22), thus it could not have been placed in the mail any earlier. The mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

[2] Affidavit of Jennifer Robinson (Dkt. 15-9 at 52-63).

expired on April 5, 2014. Edwards has shown no basis for statutory or equitable tolling of the statute of limitations. Thus, his claims are time-barred.

**Conclusion and Recommendation**

The court recommends that respondent's motion (Dkt. 14) be granted and Edwards's petition for writ of habeas corpus be denied with prejudice as time-barred.

The court finds that Edwards has not made a substantial showing either that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on August 2, 2016.

Stephen Wm Smith
United States Magistrate Judge